# In the United States Court of Appeals

# For the Fourth Circuit

**AMY BRYANT, M.D.,**
*Plaintiff-Appellee,*
v.

**TIMOTHY K. MOORE, PHILIP E. BERGER,**
*Intervenors/Defendant-Appellants,*
and

**JEFFREY N. JACKSON,**
IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR THE STATE
OF NORTH CAROLINA
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
NO. 1:23-cv-00077-CCE-LPA

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE
TAYLOR MORGAN DANT
IN SUPPORT OF PLAINTIFF-APPELLEE**

Taylor M. Dant, esq.                          ***AMICUS CURIAE***
1198 Pleasant Ridge Rd.,
Greensboro, North Carolina 27409
td@dantlegal.com
719-640-8493

<u>**MOTION FOR LEAVE TO FILE AMICUS CURIAE**</u>

Pursuant to Federal Rule of Appellate Procedure 29(a), *amicus curiae* Taylor Morgan Dant respectfully requests leave to file with the accompanying *amicus* brief. *Amicus curiae*, Taylor Morgan Dant, (amicus Dant) is a civil rights attorney licensed in North Carolina and admitted to practice before the United States District Court for the Middle District of North Carolina and the United States Court of Appeals for the Fourth Circuit. Amicus Dant is a solo practitioner, focused on federal constitutional litigation, with an emphasis on representing indigent and vulnerable individuals in matters involving access to courts, bodily autonomy, and the limits of state authority.

Amicus Dant has a professional interest in the proper delineation between state regulatory authority and federally protected rights, particularly where statutory frameworks intersect with the practice of medicine and the ability of licensed professionals to provide lawful care. Through her practice, amicus Dant routinely confronts the practical consequences of regulatory overlap, including circumstances in which individuals and professionals face conflicting legal obligations imposed by state and federal law. This case presents issues that extend beyond the immediate parties. It raises questions about the extent to which a state may structure and enforce regulations that affect access to federally authorized medical treatment, and the real-world implications of those regulations on both providers and patients. Amicus Dant

2

offers a perspective grounded in litigation experience at the intersection of constitutional rights and state enforcement mechanisms, as well as an understanding of how such conflicts operate in practice. Amicus does not seek to advance the interests of any party. Rather, she submits this brief to assist the Court by providing context on the broader legal and practical effects of the regulatory framework at issue, including its impact on the administration of justice and the ability of individuals to access lawful medical care within existing federal standards. Further, most importantly, amicus Dant brings forward North Carolina statutory definitions not currently raised in argument to this Court.

Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(e) amicus Dant, *pro se,* authored this Brief in whole, no party or parties counsel contributed money that was intended to fund preparing or submitting this brief, and no person, other than amicus Dant contributed money that was intended to fund preparing or submitting this brief. Further, this Court's order requires "supplemental briefs" not specified by the Court limited to the parties, due today April 27, 2026. No party has consented to the filing of this brief. Amicus files this motion pursuant to Rule 29(a)(3).If this Court finds that amicus Dant's time for filing under Federal Rules of Appellate Procedure has lapsed under 29(a)(6), amicus asks this Court grant permission to file, or extend the timeline to file *amicus curiae* briefs to today, April 27, 2026, as this

brief is limited to this Court's Order supplementing arguments and briefs to the decision in *GenBioPro v. Raynes,* 144 F.4th 258 (4th Cir. 2025).

Respectfully Submitted, this the 27 day of April, 2026,

/s/ *Taylor Morgan Dant*
**Taylor Morgan Dant**, esq.
*Amicus Curiae.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and Loc. R. 27, this Motion for Leave to File *amicus curiae* comports with word limit and length requirements and is comprised of 6 pages, and <u>726</u> words. I further certify that the foregoing brief complies with the typeface and type style requirements of the Federal Rules of Appellate Procedure and this Honorable Courts Local Rules.

DATED: April 27, 2026

/s/_*Taylor Morgan Dant*
**Taylor Morgan Dant**, *esq*.
Amicus Curiae, pro se.

## CERTIFICATE OF SERVICE

On April 27, 2026, this 'Motion for Leave to File *Amicus Curiae* Brief' was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

DATED: April 27, 2026

/s/ *Taylor Morgan Dant*
**Taylor Morgan Dant**, *esq*.
Amicus Curiae, pro se.
